**Robert Roy ROBBINS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 513–84.**

Court of Criminal Appeals of Texas, En Banc.

July 2, 1986.

Jim Vollers, Austin, for appellant.

William S. Mason, Dist. Atty., Ozona, Douglas M. Becker, Austin, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S MOTION FOR REHEARING ON PETITION FOR DISCRETIONARY REVIEW

W.C. DAVIS, Justice.

A jury convicted appellant of involuntary manslaughter and assessed punishment at confinement for five years. The El Paso Court of Appeals affirmed the conviction. *Robbins v. State*, 667 S.W.2d 318 (Tex.App.—El Paso, 1984). Initially, we refused appellant's petition for discretionary review. However, upon appellant's motion for rehearing, we granted his petition to determine whether the trial court properly charged the jury, over appellant's objection, on the issue of causation.

The evidence shows that appellant drove his pickup truck at a high rate of speed and collided with an automobile, killing both occupants of the automobile. The State offered sufficient evidence to prove that appellant was intoxicated at the time of the accident and that such intoxication caused the collision and death of the victims. Appellant's defense was that the accident was due to his exhaustion and not due to his consumption of several beers, although he admitted drinking several beers. The court charged the jury, in pertinent part, that:

1.

Our statutes provide that a person commits the offense of involuntary manslaughter if he, by accident or mistake when operating a motor vehicle while intoxicated and, by reason of such intoxication, causes the death of an individual.

\* \* \* \* \* \*

3.

You are instructed that before you would be warranted in convicting the De-

fendant of involuntary manslaughter you must find and believe from the evidence beyond a reasonable doubt that:

(a) the Defendant drove a motor vehicle, to-wit, a motor vehicle in Pecos County, Texas, on or about the 22nd day of October, 1981;

(b) the Defendant, while so driving, was intoxicated, as that term is defined herein;

(c) while so driving and while intoxicated, Defendant collided with the vehicle occupied by Emelinda Ramos;

(d) the Defendant thereby and therewith, at the time and place alleged in the indictment, did, by accident and mistake, kill the said Emelinda Ramos by so colliding with the vehicle which she occupied while Defendant was intoxicated;

(e) that the intoxication, if any, of Defendant then and there caused or contributed to cause the death of the said Emelinda Ramos; or, put another way, the Defendant, by the means aforesaid and by accident or mistake, by reason of said intoxication, caused or contributed to the death of Emelinda Ramos.

\* \* \* \* \* \*

4.

Now, if you believe from the evidence beyond a reasonable doubt that on or about the 22nd day of October, 1981, in Pecos County, Texas, the Defendant, Robert Roy Robbins, while intoxicated, did drive and operate a motor vehicle, to-wit, a pickup truck, in said county and state, and did then and there and while so driving and operating such motor vehicle, through mistake and accident, and by reason of such intoxication, if any, kill Emelinda Ramos by then and there driving said motor vehicle into and causing it to collide with the vehicle occupied by the said Emelinda Ramos, thereby and therewith causing the said Emelinda Ramos's death, you will find the Defendant guilty of involuntary manslaughter.

Unless you find beyond a reasonable doubt, or if you have a reasonable doubt

thereof, you will acquit the Defendant of involuntary manslaughter.

5.

You are instructed that even though you believe from the evidence beyond a reasonable doubt that at the time and place mentioned in the indictment, the Defendant did then and there drive and operate his motor vehicle while he was then and there intoxicated, and while so driving and operating said motor vehicle, at such time and place, he did, through accident and mistake cause the death of Emelinda Ramos, you cannot convict the Defendant unless you further find from the evidence beyond a reasonable doubt that such intoxication, if any, caused the collision and death of Emelinda Ramos, or contributed to cause the same.

6.

You are further instructed that if you believe from the evidence, or have a reasonable doubt thereof, that on the occasion in question the Defendant was driving his vehicle while in a state of exhaustion caused by long hours of work and a lack of sleep, and that because of such exhaustion drove his vehicle into the vehicle occupied by Emelinda Ramos and caused her death, you must find the Defendant not guilty of involuntary manslaughter.

Therefore if you find from the evidence, or have a reasonable doubt thereof, that on the occasion in question Robert Roy Robbins drove his vehicle in a state of exhaustion caused by lack of sleep and long working hours, and that by reason of said exhaustion he drove his vehicle into the vehicle occupied by Emelinda Ramos and caused her death, you must find the Defendant not guilty of involuntary manslaughter.

Appellant objected to paragraphs 3(e) and 5 of the court's charge because the phrase that the intoxication caused "or contributed to cause the same," referring to the cause of the collision and death of the victim, lessened the State's burden of proof

and conflicted with the specific provisions of the Penal Code. Appellant also objected that the phrase was misleading because it conflicted with other specific instructions given by the court.

■ Appellant argues that this charge lessens the burden of proof for the State as to causation. Under V.T.C.A. Penal Code, § 6.04(a) and § 19.05(a)(2) [1] an accused cannot be convicted unless the death of the victim would not have occurred *but for* the accused's intoxication. Sec. 6.04(a) states:

Sec. 6.04 Causation: Conduct and Results

(a) A person is criminally responsible if the result would not have occurred but for his conduct, operating either alone or concurrently with another cause, unless the concurrent cause was clearly sufficient to produce the result and the conduct of the actor clearly insufficient.

■ Under § 6.04(a) a "but for" causal connection must be established between the defendant's conduct and the resulting harm. If concurrent causes are present, two possible combinations exist to satisfy the "but for" requirement: (1) the defendant's conduct may be sufficient by itself to have caused the harm, regardless of the existence of a concurrent cause; or (2) the defendant's conduct and the other cause *together* may be sufficient to have caused the harm. However, § 6.04(a) further defines and limits the "but for" causality for concurrent causes by the last phrase, "unless the concurrent cause was clearly sufficient to produce the result and the conduct of the actor clearly insufficient." If the

additional cause, other than the defendant's conduct, is clearly sufficient, by itself, to produce the result *and* the defendant's conduct, by itself, is clearly insufficient, then the defendant cannot be convicted.

■ As the Court of Appeals noted and both the State and appellant agreed, no charge on the issue of concurrent causation should have been given in the instant case because the issue was not presented.[2] However, because the trial court included concurrent causation in the charge by virtue of the "contributed to cause" language, the issue was before the jury and we must address the correctness of that charge as if a charge on the issue of concurrent causes was necessary.

■ As appellant contends, the issue of concurrent causes was presented to the jury in the court's charge, namely, as to whether appellant's intoxication "contributed to cause" the death of Emelinda Ramos. Appellant's exhaustion was the only other possible "concurrent cause" or contributing factor presented that the jury could have determined contributed with intoxication to cause the collision and death. The court clearly instructed the jury on the issue of whether the death was caused by intoxication alone, in which case appellant was guilty of involuntary manslaughter; or whether the death was caused by exhaustion alone, in which case appellant was not guilty of involuntary manslaughter. See paragraphs 4 & 6 of the court's charge, supra. However, the court's charge on the concurrent causes—intoxication and exhaustion—was incomplete under § 6.04(a) because it stated only that appellant was

1. Sec. 19.05(a)(2) states:
(a) A person commits an offense if he:
(2) by accident or mistake when operating a motor vehicle while intoxicated, and, by reason of such intoxication, causes the death of an individual.

2. No concurrent cause existed. Only appellant's conduct was involved. That conduct does not constitute a separate cause in a "but for" context. A concurrent cause is "another cause" in addition to the actor's conduct, an "agency in addition to the actor." See S. Searcy and J. Patterson, Practice Commentary, V.T.C.A. Penal Code, Sec. 6.04. An actor's conduct is not bro-

ken down such that it constitutes separate "causes," at least where the attributes which comprise the conduct are both admitted to have occurred, i.e., exhaustion and the imbibing of intoxicating liquor admittedly occurred together. See also the wording of § 6.04(a) which indicates the concurrent cause is something other than the actor's conduct. We also recognize that concurrent causes might not be presented where an actor denies ever committing certain charged conduct and argues instead that he conducted himself in a separate and distinct fashion. Cf. *Williams v. State*, 630 S.W.2d 640 (Tex. Cr.App.1982).

guilty if his intoxication *"contributed to cause"* the death. See paragraphs 3(e) & 5 of the court's charge, supra. Under this language the jury could have found appellant guilty even though they concluded that the concurrent cause, exhaustion, was clearly sufficient to have produced the death and that the other cause, intoxication, while it contributed, was clearly insufficient by itself to have produced death. The use of "contributed" without any restriction on the degree of contribution is error because it authorizes the jury to convict a defendant under a lesser standard than is required by 6.04(a). The degree of contribution of both causes makes a difference in culpability under § 6.04(a) because if the concurrent cause is "clearly sufficient" *and* the conduct of the actor "clearly insufficient" to produce the result, the jury must not convict. As appellant argues, the use of "contributed to cause" without the limiting language of § 6.04(a) does not provide the required standard within which the jury must consider the causes.

The whole charge alternates between stating that the jury must find that "by reason of such intoxication" appellant caused the death, and then allowing conviction if intoxication "contributed to cause the same" without explaining the limits of the contribution as required by § 6.04(a). The charge permitted a conviction for involuntary manslaughter under conditions specifically forbidden by § 6.04(a). We agree with appellant that the court's charge to the jury was erroneous as it lowered the State's burden of proof and permitted conviction in violation of § 6.04(a).[3]

The State argues that *Hayes v. State,* 634 S.W.2d 359 (Tex.App.—Amarillo, 1982 no pet.) is directly controlling and adverse to appellant's contention. We agree with the Court of Appeals that *Hayes* is inapplicable. While *Hayes* approves the language of a charge which is like that used in the instant case, the issue in *Hayes* was whether the charge permitted conviction on a theory not alleged in the indictment. This issue is entirely different and the reasoning is based on a different premise than that of the instant case.

The State also contends that other cases involving the phrasing of the causation issue with regard to involuntary manslaughter have upheld language similar to that used in the instant case: intoxication "caused the collision, if any, or contributed to the same, or was a causal factor," *Thomason v. State,* 388 S.W.2d 700 (Tex.Cr. App.1965) and *Clayton v. State,* 172 Tex. Cr.R. 595, 361 S.W.2d 385 (1962); "was the cause of or contributed to the cause of the collision," *Williams v. State,* 172 Tex.Cr.R. 218, 355 S.W.2d 710 (1962) and *Washington v. State,* 171 Tex.Cr.R. 284, 349 S.W.2d 724 (1961); "caused or substantially contributed to cause," *Spraglin v. State,* 169 Tex.Cr.R. 470, 334 S.W.2d 798 (1960); "was the cause, or contributed as a cause, ... and that said collision would not have occurred but for such condition of said defendant of being intoxicated ..." *Yarborough v. State,* 160 Tex.Cr.R. 239, 268 S.W.2d 154 (1954); under the same or similar circumstances a "sober" or "reasonably prudent person who was not intoxicated" could not have avoided the collision or if the jury had a reasonable doubt thereof, they should acquit, *Long v. State,* 154 Tex. Cr.R. 587, 229 S.W.2d 366 (1950), *Spraglin,* supra, *Washington,* supra, *Fox v. State,* 145 Tex.Cr.R. 71, 165 S.W.2d 733 (1942), *Jones v. State,* 127 Tex.Cr.R. 227, 75 S.W.2d 683 (1934), *Burton v. State,* 122 Tex.Cr.R. 363, 55 S.W.2d 813 (1933); "was the cause of the collision or contributed to the collision," *Jones,* supra.

These cases were decided under former Penal Code Articles 42 and 802c, prior to the enactment of Section 6.04. The State argues that these cases are applicable because Sec. 6.04 is simply a codification of pre-existing law on causation. Therefore, the State argues, since these old charges

---

**3.** For a proper charge see 8 M. McCormick and T. Blackwell, Texas Criminal Forms and Trial Manual, Sec. 93.11 (Texas Practice 9th ed. 1985) and 8 S. Willson, Texas Criminal Forms Annotated, Sec. 93.11 (Texas Practice 8th ed. 1977).

were sufficient, so too is the charge in the instant case as it uses similar language.

These older cases upheld language similar to that used in the instant case as properly charging that intoxication cause the collision and death. However, the more specific limitation or elaboration upon "but for" causation imposed by § 6.04(a) that "unless the concurrent cause was clearly sufficient to produce the result and the conduct of the actor clearly insufficient" was not part of the consideration under the former penal code in charging on causation in involuntary manslaughter cases involving intoxication. The charges were all essentially "but for" charges, as is § 6.04(a), but, they did not explain or specify a limitation on the degree of causation where a concurrent cause was sufficient and intoxication was a minor and insufficient contributor. Although such limitation might seem understood, until the enactment of § 6.04(a) the law did not specifically detail the limitation or explanation. Thus, while the State is correct that § 6.04(a) is the codification of prior law as to "but for" causation generally, the argument is not correct as to the specific explanation of the last phrase of § 6.04(a) in connection with § 19.05(a)(2) cases.

Because we find the charge in the instant case to have been erroneous we remand the case to the Court of Appeals to review the harm to appellant according to the standard enunciated in *Almanza v. State,* 686 S.W.2d 157 (Tex.Cr.App.1984). Appellant objected to the "contribution" language of the charge so the Court of Appeals must determine whether there was "some harm" to appellant from the error, whether the error "is calculated to injure the rights of the defendant." *Almanza,* supra.

TEAGUE, J., concurs only to the substance of the opinion and dissents to the remand.

ONION, P.J., not participating.