In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-01-00101-CR


______________________________




MICHAEL MARION ALLEN, SR., Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 402nd Judicial District Court


Wood County, Texas


Trial Court No. 16,603-2001




 




Before Cornelius, C.J., Grant and Ross, JJ.


Opinion by Chief Justice Cornelius



O P I N I O N



 Michael Marion Allen, Sr. was indicted on five charges of aggravated kidnapping, (1) two
charges of aggravated assault with a deadly weapon, (2) and one charge of felon in possession of
firearms. (3) By agreement between the State and Allen, all cases were consolidated for purposes of
trial, and in a single hearing, Allen waived formal reading of the indictments on all charges and
pleaded guilty to all charges and enhancements thereto, and the trial court found him guilty on each
cause.

 Allen elected to have the jury decide his punishment. The jury returned a verdict assessing
punishment at seventy-five years' imprisonment. The trial court sentenced Allen in accordance with
the jury's verdict. Sentences on all causes were to run concurrently. Allen filed a timely notice of
appeal.

 Allen raises two issues on appeal: 1) that the trial court committed reversible error in failing
to sustain his challenge for cause to a prospective juror and 2) that the trial court committed
reversible error in excluding evidence favorable to him at punishment. One brief was filed by each
party for this case and all companion cases, raising the same issues in each case.

Disposition

 We have reviewed both briefs and all the arguments raised therein in our opinion issued this
date in Michael Marion Allen, Sr. v. State of Texas, No. 06-01-00096-CR.

 For the reasons stated in that opinion, we affirm the judgment.




 William J. Cornelius

 Chief Justice


Date Submitted: April 22, 2002

Date Decided: May 21, 2002


Do Not Publish
1. Nos. 06-01-00096-CR (Trial Court No. 16,597-2001); 06-01-00097-CR (Trial Court No.
16,598-2001); 06-01-00099-CR (Trial Court No. 16,601-2001); 06-01-00100-CR (Trial Court No.
16,602-2001); 06-01-00101-CR (Trial Court No. 16,603-2001).
2. Nos. 06-01-00102-CR (Trial Court No. 16,607-2001); 06-01-00103-CR (Trial Court No.
16,608-2001).
3. No. 06-01-00098-CR (Trial Court No. 16,599-2001).




point, about five or six correctional officers, including Griffin, "more or less rushed him [Kennedy]
to try to cuff him." But the officers still could not get Kennedy's compliance, and one testified that
"it's probably 45 seconds in time before we can get him detained and cuffed. I mean, he's stronger
than an ox." Several officers testified Kennedy was "resisting" and "struggling" with Griffin, who
was attempting to cuff him, and "trying to fight everyone he could." Despite this testimony of
Kennedy's "fighting," one officer testified that Kennedy did not punch, kick, or strike any of the
officers. Griffin testified that, as Kennedy was trying to avoid being handcuffed, Kennedy got his
arm loose and "he grabbed me." At some point during the process of trying to cuff Kennedy, amid
the pile-up of officers and inmate, Griffin had his leg broken. Griffin believed the break occurred
when he twisted to spin Kennedy to the ground. 

 Kennedy's Witnesses' Perspective. Kennedy presented the testimony of two fellow inmates
who had witnessed the events. The inmates' testimony was inconsistent in some details, but was
essentially that Kennedy was a victim of an unprovoked attack by a group of officers. The inmates
testified Curtis entered the cell block shaking his container of pepper spray. Curtis, while shaking
the container, ordered Kennedy to approach him. One inmate testified that the officers in that jail
have bad reputations for indiscriminately spraying inmates with pepper spray. The inmates differed
in their testimony at this point; one testified that Kennedy did not approach Curtis as commanded,
but Curtis moved toward Kennedy. The other stated that Kennedy did start to approach Curtis as
ordered. Both inmates testified that, as soon as Curtis was within range, he sprayed Kennedy, who
was neither provoking the officers with phrases such as "bring it on," nor charging at anyone. The
inmates testified that, as Kennedy's hands went to his eyes, the group of officers jumped on him. 
One of the inmates stated that he witnessed one of the other officers step on Griffin's leg in the pile-up. The State vigorously attacked the credibility of both witnesses with questions regarding their
extensive criminal histories and disciplinary problems within the correctional system.

 In our review, we must defer to the judgment of the fact-finder as to the weight and
credibility given to witness testimony. Jones v. State, 944 S.W.2d 642, 648 (Tex. Crim. App. 1996). 
Reconciliation of conflicts in the evidence is within the exclusive province of the jury as the sole
judge of witness credibility. Clewis v. State, 922 S.W.2d 126, 166 n.10 (Tex. Crim. App. 1996). 
When the evidence is in conflict, evidence that supports a verdict is not rendered insufficient merely
because the defendant presented a different version of events. Anderson v. State, 701 S.W.2d 868,
873 (Tex. Crim. App. 1985). When evidence both supports and conflicts with the verdict, we must
assume that the fact-finder resolved the conflict in favor of the verdict. Turro v. State, 867 S.W.2d
43, 47 (Tex. Crim. App. 1993). 

 Despite the testimony that Kennedy did not "punch, kick, or strike" anyone, a rational trier
of fact could believe the officers' testimony that Kennedy "charged at," "resisted," "struggled,"
"grabbed at," and "fought" the officers trying to handcuff him. Moreover, a rational trier of fact
could find that Kennedy voluntarily engaged in this conduct, that he acted provocatively drawing
officers into the cell block, and that he was at the center of the violence involving the officers, 
particularly Officer Griffin. Kennedy's actions satisfy the voluntary conduct element of the crime
under Section 6.01(a) of the Texas Penal Code. 

 Kennedy also asserts that he should be relieved of criminal responsibility because a third
party--that is, another officer--was the immediate cause of Griffin's broken leg. Under the Texas
Penal Code, "[a] person is criminally responsible if the result would not have occurred but for his
conduct, operating either alone or concurrently with another cause, unless the concurrent cause was
clearly sufficient to produce the result and the conduct of the actor clearly insufficient." Tex. Pen.
Code Ann. § 6.04(a) (Vernon 2003). "Under § 6.04(a) a 'but for' causal connection must be
established between the defendant's conduct and the resulting harm." Robbins v. State, 717 S.W.2d
348, 351 (Tex. Crim. App. 1986). Section 6.04(a) sets out two possible combinations of concurrent
"but for" causation: "(1) the defendant's conduct may be sufficient by itself to have caused the harm,
regardless of the existence of a concurrent cause; or (2) the defendant's conduct and the other cause
together may be sufficient to have caused the harm." Id. The Section 6.04(a) limit, however,
requires that "[i]f the additional cause, other than the defendant's conduct, is clearly sufficient, by
itself, to produce the result and the defendant's conduct, by itself, is clearly insufficient, then the
defendant cannot be convicted." Id.

 It is clear that Kennedy's conduct in disobeying the officers' orders and resisting being
handcuffed was not sufficient, by itself, to have caused Griffin's broken leg. Griffin himself spinning
and twisting or another officer stepping on the leg was a necessary concurrent cause of the injury. 
The officers' conduct (Griffin's alone or the other officer's), on the other hand, was, by itself,
insufficient to cause the harm. Each officer testified to the fact that he would not have engaged with
Kennedy had Kennedy not been escalating his behavior to dangerous levels. We find that the record,
viewed in the light most favorable to the verdict, supports the finding that, without Kennedy's
resistance to and struggle against what the jury believed was lawful restraint, no officer would have
tackled Kennedy and struggled in a pile-up in such a way as to result in Griffin's injury. We find that
a rational trier of fact could find beyond a reasonable doubt that Kennedy's conduct caused the
engagement, the effect of which resulted in Griffin's broken leg. The evidence is legally sufficient.

 Kennedy also challenges the factual sufficiency of the evidence of intent. In our review of
the evidence for factual sufficiency, we view all the evidence in a neutral light and determine
whether (1) the evidence supporting the verdict is too weak to support the finding of guilt beyond
a reasonable doubt or (2) if evidence contrary to the verdict is strong enough that the beyond-a-reasonable-doubt standard could not have been met. Threadgill v. State, 146 S.W.3d 654, 664 (Tex.
Crim. App. 2004) (citing Zuniga v. State, 144 S.W.3d 477, 486 (Tex. Crim. App. 2004)). Intent may
be directly proven, or it may be inferred from circumstantial evidence such as acts, words, and the
conduct of the appellant. Guevara v. State, 152 S.W.3d 45, 50 (Tex. Crim. App. 2004); see also
Nelson v. State, 893 S.W.2d 699, 705 (Tex. App.--El Paso 1995, no pet.). We must determine
whether, considering all the evidence in a neutral light, the jury was rationally justified in finding
guilt beyond a reasonable doubt. Zuniga, 144 S.W.3d at 484.

 The jury heard the officers testify that Kennedy was agitated and yelling in the cell block. 
The jurors heard from the officers and Kennedy's own witness that Kennedy refused to comply with
an order to submit to being handcuffed. The testimony indicated that Kennedy became threatening
and aggressive, that he verbally baited the officers, and that he charged the officers. Also, the
testimony indicated that, once the officers were close enough, Kennedy struggled, resisted, and
fought being handcuffed. We find that the jury reasonably concluded that, if Kennedy had not acted
as he did, the officers would not have had to use force and Griffin's leg would not have been broken. 
The jury could reasonably conclude from testimony about Kennedy's words, acts, and conduct that
Kennedy wanted to physically confront officers. Viewing the evidence in a neutral light, the
evidence supporting the jury's verdict is strong enough to support the finding, beyond a reasonable
doubt, that Kennedy intentionally, knowingly, or recklessly caused the injury. 

 We find the evidence supporting the verdict, considered alone, strong enough to support the
jury's finding of guilt beyond a reasonable doubt. Moreover, having weighed the evidence
supporting and contravening the conviction, we conclude that the contrary evidence is not strong
enough that the State could not have met its burden of proof.


 We affirm the judgment.


 Josh R. Morriss, III

 Chief Justice


Date Submitted: June 15, 2006

Date Decided: September 29, 2006


Do Not Publish


1. The jury found Kennedy had nine prior felony convictions, causing Kennedy's sentence to
be enhanced.