Affirmed and Memorandum Opinion filed June 28, 2005









Affirmed and Memorandum Opinion filed June 28, 2005.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-04-00141-CR

____________

 

ALTON RANDALL
HOOKER,
Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 174th
District Court

Harris County, Texas

Trial Court Cause No. 961,448

 



 

M E M O R A N D U M   O P I N I O N

Appellant, Alton Randall Hooker, was
convicted of murder.  In one issue, he
challenges the factual sufficiency of the evidence to support his
conviction.  We affirm.

I.  Factual and Procedural Background








In the early morning hours of July 18,
2002, Luis Carcamo heard a man yelling for help outside of his apartment.  When he went outside to investigate, he saw
appellant and Matthew Testa running after a third man, later identified as Jose
Cruz.  The men stopped under a tree, at
which point appellant and Testa began hitting, kicking, and beating Cruz with
closet rods.  After scaring appellant and
Testa away, Carcamo called the police for help. 
An ambulance took Cruz to the hospital.

Upon his arrival at the hospital, Cruz was
diagnosed with having broken ribs, a dislocated jaw, and a splenic laceration
caused by blunt trauma.  After an initial
surgery failed to stop the internal bleeding, Cruz underwent a series of five
additional surgeries to remove his spleen and to treat his other wounds from
the assault.  During the second surgery,
the attending physician noted Cruz had a pre-existing medical condition,
advanced cirrhosis of the liver.  Cruz
contracted a number of infections during his three-month stay in the hospital,
for which he also received medical attention. 
The treatment was unsuccessful, however, and on October 6, 2002, Cruz
died in the hospital.

Cruz=s attending
physician, Dr. Thomas Granchi, testified that the cause of death was
hepatorenal syndrome (AHRS@), which he
described as kidney failure related to liver failure.  In Dr. Granchi=s opinion, Cruz=s injuries from
the assault initiated a chain reaction, resulting in significant blood loss,
infection, organ failure, and the development of HRS.  The medical examiner listed Cruz=s cause of death
as complications from blunt force injuries to the head and abdomen and
concluded in the autopsy report that the manner of death was homicide.

Appellant was charged by indictment with
murder.  See Tex. Pen. Code Ann. ' 19.01(a) (Vernon 2004).  Appellant pleaded not guilty.  The jury found appellant guilty, and the
trial court assessed punishment at 45 years= confinement in
the Texas Department of Criminal Justice, Institutional Division.

II.  Issue and Analysis








In his only appellate issue, appellant
contends the evidence is factually insufficient to prove his conduct caused
Cruz=s death.  A person is criminally responsible for a
result if it would not have occurred but for his conduct.  Tex.
Penal Code Ann. ' 6.04(a) (Vernon
2003).  Even if another potential cause
exists, a person is still criminally responsible if his conduct was sufficient
by itself to produce the result.  Robbins
v. State, 717 S.W.2d 348, 351 (Tex. Crim. App. 1986).  A person is not criminally responsible,
however, if (1) his conduct is clearly insufficient to produce the result, and
(2) the concurrent cause is clearly sufficient to produce the result.  Id.

When evaluating a challenge to the factual
sufficiency of the evidence, we view all the evidence in a neutral light and
inquire whether the jury was rationally justified in finding guilt beyond a
reasonable doubt.  Zuniga v. State,
144 S.W.3d 477, 484 (Tex. Crim. App. 2004). 
A reviewing court may find the evidence factually insufficient in two
ways.  Id.  First, when considered by itself, the evidence
supporting the verdict may be too weak to support the finding of guilt beyond a
reasonable doubt.  Id.  Second, after weighing the evidence
supporting the verdict and the evidence contrary to the verdict, the contrary
evidence may be strong enough that the beyond-a-reasonable-doubt standard could
not have been met.  Id.  at 484B85.  In conducting the factual-sufficiency review,
we must employ appropriate deference so that we do not substitute our judgment
for that of the fact finder.  Id.
at 481B82.  Our evaluation should not intrude upon the
fact finder=s role as the sole judge of the weight and
credibility given to any witness=s testimony.  Cain v. State, 958 S.W.2d 404, 407 (Tex.
Crim. App. 1997).  In conducting a
factual-sufficiency review, we must discuss the evidence appellant claims is
most important in allegedly undermining the jury=s verdict.  Sims v. State, 99 S.W.3d 600, 603
(Tex. Crim. App. 2003).








In this case, appellant contends Cruz=s pre-existing
health condition, not the injuries he received from the assault, caused his
death.[1]  Specifically, appellant claims Cruz=s cirrhosis caused
the HRS and led to his death.  In making
this argument, appellant relies on an excerpt from a medical textbook that his
counsel asked Dr. Granchi to read at trial. 
Following a description of HRS, the textbook states, APatients with
cirrhosis often develop HRS following admission to the hospital, raising the
question as to whether events in the hospital might precipitate HRS.@  However, Cruz would not have been admitted to
the hospital on July 18 if he had not been beaten by appellant.  Even under appellant=s theory, had Cruz
not been admitted to the hospital, he would not have developed the fatal HRS.

Dr. Granchi opined Cruz could have lived
for at least another ten years, even with his cirrhosis.  He testified the injuries from the assault
alone were sufficient to cause Cruz=s death and Cruz=s cirrhosis was
insufficient to cause his death at the time of the assault.  After taking the textbook sentence into
consideration, Dr. Granchi explicitly concluded Cruz would not have died but
for the assault.  At trial, the medical
examiner who performed the autopsy on Cruz=s body agreed that
Cruz would not have died if Cruz had not suffered organ failure, which resulted
from the assault.  Appellant offered no
medical testimony at trial to contradict these expert conclusions. 

Thus, the record does not support
appellant=s argument that Cruz=s pre-existing
health condition was sufficient by itself to cause his death at that time or
that appellant=s conduct was insufficient to cause Cruz=s death.  There is evidence, however, to support a
determination by a rational jury that appellant=s assault of Cruz
was sufficient by itself to cause Cruz=s death.  Under the applicable standard of review, we
conclude the evidence is factually sufficient to support appellant=s conviction.  Accordingly, we overrule appellant=s only issue on
appeal.

We affirm the trial court=s judgment.

 

 

 

 

/s/      Kem Thompson Frost

Justice

 

Judgment
rendered and Memorandum Opinion filed June 28, 2005.

Panel
consists of Justices Frost, Seymore, and Guzman.

Do
Not Publish C Tex.
R. App. P. 47.2(b).











[1]  Appellant also
claims physician error contributed to Cruz=s death,
although he never develops this argument in his appellate brief.  The record fails to show how any alleged
physician error could have caused Cruz=s death.