In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-06-00002-CR


______________________________




KELLY DEAN KENNEDY, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 124th Judicial District Court


Gregg County, Texas


Trial Court No. 33217-B




 




Before Morriss, C.J., Ross and Carter, JJ.


Memorandum Opinion by Chief Justice Morriss



MEMORANDUM OPINION


 Although the group of witnesses testifying for the State and the group testifying on behalf
of Kelly Dean Kennedy, in his trial for aggravated assault of a public servant, agreed on little, they
did agree that inmate Kennedy was at the center of a struggle with a group of jail officers trying to
subdue Kennedy and that in the struggle Jailer John Griffin's leg was broken. The jury believed the
State's witnesses, correctional officers, rather than the inmates that testified for Kennedy. Kennedy
appeals his conviction and fifty-year sentence, (1) asserting only that the evidence is legally and
factually insufficient to support the conviction. Because we find the evidence sufficient, we affirm
the trial court's judgment.

 One commits aggravated assault on a public servant when one intentionally, knowingly, or
recklessly causes serious bodily injury to another he or she knows to be a public servant while the
public servant is lawfully discharging an official duty. Tex. Pen. Code Ann. § 22.02 (Vernon Supp.
2006); see also Tex. Pen. Code Ann. § 22.01 (Vernon Supp. 2006) (simple assault, as referenced
in Section 22.02, setting forth requisite culpability). 

 Kennedy does not dispute that Griffin is a public servant who suffered serious bodily injury
while lawfully discharging his official duty. Instead, Kennedy contends he did not engage in any
affirmative conduct or physical act to cause that injury. Kennedy asserts the evidence shows that the
only persons using force were the correctional officers themselves. Kennedy further asserts there
is insufficient evidence of his intent to commit assault. The State counters that it need not prove 
Kennedy personally broke Griffin's leg. The State contends that it must show only that Kennedy
intended to resist the officers' commands and that, but for this conduct, Griffin would not have been
injured.

 In our review of the legal sufficiency of the evidence, we employ the standards set forth in
Jackson v. Virginia, 443 U.S. 307, 319 (1979). This calls on the court to view the relevant evidence
in the light most favorable to the verdict and determine whether any rational trier of fact could have
found the essential elements of the crime beyond a reasonable doubt. Johnson v. State, 23 S.W.3d
1, 7 (Tex. Crim. App. 2000). In this case, there were two groups of witnesses who saw the event
from two different perspectives.

 The State's Witnesses' Perspective. At trial, the State presented as witnesses three of the
correctional officers involved in the scuffle. The officers' testimony differed slightly in certain
details, but largely described the incident as beginning with Kennedy yelling and becoming agitated. 
One officer testified that Kennedy was verbally abusing another inmate. The first officer on the cell
block, Officer Clint Curtis, several times ordered Kennedy to submit to being handcuffed, and
Kennedy refused to comply. When asked to place his hands behind his back to be handcuffed,
Kennedy started acting "agitated" and approached Curtis with his hands extended in front of him. 
Kennedy "made a threatening move" "like he was going to attack" along with a comment like "come
on, let's do it." Curtis sprayed Kennedy with pepper spray, after which Kennedy seemed infuriated
and came toward the officers more aggressively. One officer said Kennedy lunged toward the
officers. Another testified that Kennedy "rushed at" and "hollered and took off at" Curtis. At this
point, about five or six correctional officers, including Griffin, "more or less rushed him [Kennedy]
to try to cuff him." But the officers still could not get Kennedy's compliance, and one testified that
"it's probably 45 seconds in time before we can get him detained and cuffed. I mean, he's stronger
than an ox." Several officers testified Kennedy was "resisting" and "struggling" with Griffin, who
was attempting to cuff him, and "trying to fight everyone he could." Despite this testimony of
Kennedy's "fighting," one officer testified that Kennedy did not punch, kick, or strike any of the
officers. Griffin testified that, as Kennedy was trying to avoid being handcuffed, Kennedy got his
arm loose and "he grabbed me." At some point during the process of trying to cuff Kennedy, amid
the pile-up of officers and inmate, Griffin had his leg broken. Griffin believed the break occurred
when he twisted to spin Kennedy to the ground. 

 Kennedy's Witnesses' Perspective. Kennedy presented the testimony of two fellow inmates
who had witnessed the events. The inmates' testimony was inconsistent in some details, but was
essentially that Kennedy was a victim of an unprovoked attack by a group of officers. The inmates
testified Curtis entered the cell block shaking his container of pepper spray. Curtis, while shaking
the container, ordered Kennedy to approach him. One inmate testified that the officers in that jail
have bad reputations for indiscriminately spraying inmates with pepper spray. The inmates differed
in their testimony at this point; one testified that Kennedy did not approach Curtis as commanded,
but Curtis moved toward Kennedy. The other stated that Kennedy did start to approach Curtis as
ordered. Both inmates testified that, as soon as Curtis was within range, he sprayed Kennedy, who
was neither provoking the officers with phrases such as "bring it on," nor charging at anyone. The
inmates testified that, as Kennedy's hands went to his eyes, the group of officers jumped on him. 
One of the inmates stated that he witnessed one of the other officers step on Griffin's leg in the pile-up. The State vigorously attacked the credibility of both witnesses with questions regarding their
extensive criminal histories and disciplinary problems within the correctional system.

 In our review, we must defer to the judgment of the fact-finder as to the weight and
credibility given to witness testimony. Jones v. State, 944 S.W.2d 642, 648 (Tex. Crim. App. 1996). 
Reconciliation of conflicts in the evidence is within the exclusive province of the jury as the sole
judge of witness credibility. Clewis v. State, 922 S.W.2d 126, 166 n.10 (Tex. Crim. App. 1996). 
When the evidence is in conflict, evidence that supports a verdict is not rendered insufficient merely
because the defendant presented a different version of events. Anderson v. State, 701 S.W.2d 868,
873 (Tex. Crim. App. 1985). When evidence both supports and conflicts with the verdict, we must
assume that the fact-finder resolved the conflict in favor of the verdict. Turro v. State, 867 S.W.2d
43, 47 (Tex. Crim. App. 1993). 

 Despite the testimony that Kennedy did not "punch, kick, or strike" anyone, a rational trier
of fact could believe the officers' testimony that Kennedy "charged at," "resisted," "struggled,"
"grabbed at," and "fought" the officers trying to handcuff him. Moreover, a rational trier of fact
could find that Kennedy voluntarily engaged in this conduct, that he acted provocatively drawing
officers into the cell block, and that he was at the center of the violence involving the officers, 
particularly Officer Griffin. Kennedy's actions satisfy the voluntary conduct element of the crime
under Section 6.01(a) of the Texas Penal Code. 

 Kennedy also asserts that he should be relieved of criminal responsibility because a third
party--that is, another officer--was the immediate cause of Griffin's broken leg. Under the Texas
Penal Code, "[a] person is criminally responsible if the result would not have occurred but for his
conduct, operating either alone or concurrently with another cause, unless the concurrent cause was
clearly sufficient to produce the result and the conduct of the actor clearly insufficient." Tex. Pen.
Code Ann. § 6.04(a) (Vernon 2003). "Under § 6.04(a) a 'but for' causal connection must be
established between the defendant's conduct and the resulting harm." Robbins v. State, 717 S.W.2d
348, 351 (Tex. Crim. App. 1986). Section 6.04(a) sets out two possible combinations of concurrent
"but for" causation: "(1) the defendant's conduct may be sufficient by itself to have caused the harm,
regardless of the existence of a concurrent cause; or (2) the defendant's conduct and the other cause
together may be sufficient to have caused the harm." Id. The Section 6.04(a) limit, however,
requires that "[i]f the additional cause, other than the defendant's conduct, is clearly sufficient, by
itself, to produce the result and the defendant's conduct, by itself, is clearly insufficient, then the
defendant cannot be convicted." Id.

 It is clear that Kennedy's conduct in disobeying the officers' orders and resisting being
handcuffed was not sufficient, by itself, to have caused Griffin's broken leg. Griffin himself spinning
and twisting or another officer stepping on the leg was a necessary concurrent cause of the injury. 
The officers' conduct (Griffin's alone or the other officer's), on the other hand, was, by itself,
insufficient to cause the harm. Each officer testified to the fact that he would not have engaged with
Kennedy had Kennedy not been escalating his behavior to dangerous levels. We find that the record,
viewed in the light most favorable to the verdict, supports the finding that, without Kennedy's
resistance to and struggle against what the jury believed was lawful restraint, no officer would have
tackled Kennedy and struggled in a pile-up in such a way as to result in Griffin's injury. We find that
a rational trier of fact could find beyond a reasonable doubt that Kennedy's conduct caused the
engagement, the effect of which resulted in Griffin's broken leg. The evidence is legally sufficient.

 Kennedy also challenges the factual sufficiency of the evidence of intent. In our review of
the evidence for factual sufficiency, we view all the evidence in a neutral light and determine
whether (1) the evidence supporting the verdict is too weak to support the finding of guilt beyond
a reasonable doubt or (2) if evidence contrary to the verdict is strong enough that the beyond-a-reasonable-doubt standard could not have been met. Threadgill v. State, 146 S.W.3d 654, 664 (Tex.
Crim. App. 2004) (citing Zuniga v. State, 144 S.W.3d 477, 486 (Tex. Crim. App. 2004)). Intent may
be directly proven, or it may be inferred from circumstantial evidence such as acts, words, and the
conduct of the appellant. Guevara v. State, 152 S.W.3d 45, 50 (Tex. Crim. App. 2004); see also
Nelson v. State, 893 S.W.2d 699, 705 (Tex. App.--El Paso 1995, no pet.). We must determine
whether, considering all the evidence in a neutral light, the jury was rationally justified in finding
guilt beyond a reasonable doubt. Zuniga, 144 S.W.3d at 484.

 The jury heard the officers testify that Kennedy was agitated and yelling in the cell block. 
The jurors heard from the officers and Kennedy's own witness that Kennedy refused to comply with
an order to submit to being handcuffed. The testimony indicated that Kennedy became threatening
and aggressive, that he verbally baited the officers, and that he charged the officers. Also, the
testimony indicated that, once the officers were close enough, Kennedy struggled, resisted, and
fought being handcuffed. We find that the jury reasonably concluded that, if Kennedy had not acted
as he did, the officers would not have had to use force and Griffin's leg would not have been broken. 
The jury could reasonably conclude from testimony about Kennedy's words, acts, and conduct that
Kennedy wanted to physically confront officers. Viewing the evidence in a neutral light, the
evidence supporting the jury's verdict is strong enough to support the finding, beyond a reasonable
doubt, that Kennedy intentionally, knowingly, or recklessly caused the injury. 

 We find the evidence supporting the verdict, considered alone, strong enough to support the
jury's finding of guilt beyond a reasonable doubt. Moreover, having weighed the evidence
supporting and contravening the conviction, we conclude that the contrary evidence is not strong
enough that the State could not have met its burden of proof.


 We affirm the judgment.


 Josh R. Morriss, III

 Chief Justice


Date Submitted: June 15, 2006

Date Decided: September 29, 2006


Do Not Publish


1. The jury found Kennedy had nine prior felony convictions, causing Kennedy's sentence to
be enhanced.