**Affirmed and Memorandum Opinion filed February 28, 2023.**



In The

# Fourteenth Court of Appeals

## NO. 14-21-00679-CR

**KHRISTOPHER EARL WHITE, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 482nd District Court
Harris County, Texas
Trial Court Cause No. 1567849**

## M E M O R A N D U M   O P I N I O N

Appellant Khristopher Earl White appeals his conviction for murder. Evidence at trial demonstrated that appellant stabbed the complainant repeatedly and the complainant later died due to complications from the stab wounds. A jury found appellant guilty and assessed his punishment at 99 years in prison. In two issues, appellant challenges the sufficiency of the evidence and asserts the trial court erred in refusing to instruct the jury on concurrent causation. We affirm.

### *Discussion*

Appellant admitted at trial and acknowledges in his appellate brief that he stabbed the complainant during an altercation, but appellant insists that the State failed to present sufficient evidence to support the jury's finding that appellant caused complainant's death. Appellant also asserts that the trial court erred in failing to instruct the jury on concurrent causation. As will be discussed, evidence showed that complainant died due to complications resulting from the stabbing after being in the hospital for several days.

### *Sufficiency of the Evidence*

In his first issue, appellant challenges the sufficiency of the evidence to support his conviction. In reviewing the sufficiency of the evidence, we view all the evidence presented at trial in the light most favorable to the verdict and determine, based on that evidence and any reasonable inferences therefrom, whether any rational factfinder could have found the elements of the offense beyond a reasonable doubt. *Gear v. State*, 340 S.W.3d 743, 746 (Tex. Crim. App. 2011) (citing *Jackson v. Virginia*, 443 U.S. 307, 318–19 (1979)). We do not sit as a thirteenth juror and may not substitute our judgment for that of the factfinder by reevaluating the weight and credibility of the evidence. *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010). Rather, we defer to the factfinder to fairly resolve conflicts in testimony, weigh the evidence, and draw reasonable inferences from basic to ultimate facts. *Id*. This standard applies equally to both circumstantial and direct evidence. *Id*. Each fact need not point directly and independently to the appellant's guilt so long as the cumulative effect of all incriminating facts is sufficient to support the conviction. *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007).

As charged in this case and submitted to the jury, a person commits the

2

offense of murder if he intentionally or knowingly causes the death of an individual or if he intends to cause serious bodily injury and commits an act clearly dangerous to human life that causes the death of an individual. Tex. Penal Code § 19.02(b)(1), (2). Under either of these provisions, murder is a result-oriented offense, meaning the proscribed conduct must have caused the death of the victim. *See, e.g.*, *Martin v. State*, 570 S.W.3d 426, 434 (Tex. App.—Eastland 2019, pet. ref'd). As stated, appellant focuses his sufficiency challenge on the element of causation. Specifically, he contends that there is insufficient evidence to support the conclusion that the stab wounds he inflicted on complainant resulted in complainant's death.

"The scope of causation under the Texas Penal Code is broad, allowing courts to find causation where 'the result would not have occurred but for [the] conduct, operating either alone or concurrently with another cause.'" *Cyr v. State*, No. PD-0257-21, 2022 WL 17825857, at *5 (Tex. Crim. App. Dec. 21, 2022) (quoting Tex. Penal Code § 6.04(a)). However, if a concurrent cause other than the defendant's conduct "was clearly sufficient to produce the result and the conduct of the actor clearly insufficient," then causation is not established. Tex. Penal Code § 6.04(a); *see also Quintanilla v. State*, 292 S.W.3d 230, 234 (Tex. App.—Austin 2009, pet. ref'd).

In a murder prosecution, "but for" causation must be established between the accused's conduct and the death of the decedent. *See Wooten v. State*, 267 S.W.3d 289, 296 (Tex. App.—Houston [14th Dist.] 2008, pet. ref'd); *see also Martin*, 570 S.W.3d at 434 (citing *Reeves v. State*, 131 Tex. Crim. 560, 101 S.W.2d 245, 246 (1937), and *Hutcherson v. State*, 373 S.W.3d 179, 187 (Tex. App.—Amarillo 2012, pet. ref'd)). When concurrent causes are present, the "but for" requirement is satisfied when either (1) the accused's conduct is sufficient by itself to have caused

3

the harm, or (2) the accused's conduct coupled with the other cause is sufficient to have caused the harm. *Wooten*, 267 S.W.3d at 296 (citing *Robbins v. State*, 717 S.W.2d 348, 351 (Tex. Crim. App. 1986)). If an additional cause, other than the accused's conduct, is clearly sufficient by itself to produce the result, and the accused's conduct by itself is clearly insufficient, then the accused cannot be convicted. *Id.* (citing *Robbins*, 717 S.W.2d at 351).

Under this issue, appellant emphasizes that complainant initially survived the stabbing, the trip to the hospital, multiple surgeries, and approximately ten days in the hospital before he was diagnosed with acute sepsis. Appellant further notes that the pathologist who conducted complainant's autopsy explained that the sepsis was likely the result of a bacterial infection that had spread throughout complainant's blood vessels and internal organs. And appellant highlights that the pathologist also conceded it had not been determined exactly what kind of microorganism had infected complainant because he had been on antibiotics when admitted to the hospital. Appellant asserts the pathologist was merely speculating in concluding that the acute sepsis and complainant's death were caused by appellant stabbing complainant and not by another source during complainant's hospitalization.

Dr. Lucile Tennant, an assistant medical examiner at the Harris County Institute of Forensic Sciences, is the pathologist who conducted complainant's autopsy and prepared the autopsy report, which was admitted into evidence. In her testimony, Tennant described her procedures as well as the course of treatment administered to complainant as recorded in his medical records. She explained that he suffered multiple sharp force injuries including a stab wound to the left chest that perforated a rib and his diaphragm, pierced his stomach, and came very close to his heart and the pericardial sac which covers the heart. Tennant concluded that

4

the cause of complainant's death was complications from the sharp force injuries, including stab wounds, and the manner of death was homicide, meaning at the hands of another. The most immediate cause of death was multiple organ system failure caused by the septic infection. Within a reasonable medical certainty, death was caused by infection from the site of the chest wound; in other words, the infection that killed complainant resulted from the stab wound to the chest. She stated more simply that the stab wounds caused complainant's death.

Tennant further explained that when an unsterilized foreign object, such as a knife, enters the body, it "can always bring in bacteria." She stated that the medical records supported her conclusions, including the notation that purulent fluid or pus was present in the pericardium and that the pericardial sac was very "thickened and shaggy and rough" when it normally should appear "glistening pink/red." She stated that "almost certainly" there was bacteria in that area. Tennant described the care that complainant received for his injuries as "standard" and asserted that stabbing someone is an act clearly dangerous to human life which can cause and did cause serious bodily injury in this instance.

On cross-examination, Tennant acknowledged that after his admission to the hospital, complainant's "apparent condition" improved and his wounds were sutured and healing, but she explained that this does not necessarily mean that he was actually recovering. She noted that his heart rate and blood pressure remained elevated and "there were laboratory tests that were trending the wrong way." Eventually the treating physicians discovered an infection around the heart that was likely not present at admission. She stated the infection was likely bacterial but acknowledged that there was no culture obtained of the microorganisms because complainant was on antibiotics which "probably killed whatever bacterium was there so it didn't culture out properly." Contrary to appellant's

assertion on appeal, Tennant did not suggest that complainant was already on antibiotics at the time of his admission to the hospital. Tennant also acknowledged the possibility complainant could have become infected in the hospital as such infections are not uncommon, but she reemphasized that within a reasonable medical certainty, death was caused by infection from the site of the chest stab wound and all of complainant's infections, indeed, all the problems he was experiencing, derived from the stab wounds.

Viewing the evidence in the light most favorable to the jury's verdict, we conclude that a rational trier of fact could have found the elements of murder beyond a reasonable doubt. Appellant admitted to stabbing complainant. Tennant directly tied complainant's death to appellant's conduct. Appellant does not point to any evidence suggesting complainant's death was attributable to any factor that was sufficient to cause death in the absence of appellant's conduct. As Tennant explained, the fact that complainant initially survived the stabbing and his condition appeared to improve at one point does not mean that the stabbing did not cause his death. Although organ failure resulting from bacterial infection was the immediate cause of death, the infection was likely caused by the stabbing. Tennant fully supported her testimony with references to her autopsy report and complainant's medical records. Based on the evidence presented, a rational factfinder could have concluded that complainant's death was caused by appellant's charged conduct. *See Jones v. State*, 582 S.W.2d 129, 133–34 (Tex. Crim. App. 1979) (holding defendant was criminally responsible for death resulting from complications arising out of injuries inflicted by defendant); *Martin*, 570 S.W.3d at 434-35 (holding evidence, including medical examiner's testimony, was sufficient to support murder conviction where complainant died from complications from gunshot wounds); *Quintanilla*, 292 S.W.3d at 234-35 (holding

6

evidence, including treating doctor's testimony, was sufficient to support manslaughter conviction where complainant died from complications from injuries sustained in vehicle collision). Accordingly, we overrule appellant's first issue.

### *Concurrent Causation Instruction*

In his second issue, appellant contends that the trial court erred by denying his requested jury charge instruction on concurrent causation under section 6.04(a) of the Texas Penal Code. In reviewing claims of jury charge error, we use a two-step process. First, we determine whether error exists in the charge. *Ngo v. State*, 175 S.W.3d 738, 743 (Tex. Crim. App. 2005). If error exists, we then determine whether it was harmful using the framework outlined in *Almanza v. State*, 686 S.W.2d 157 (Tex. Crim. App. 1984). *See Barrios v. State*, 283 S.W.3d 348, 350 (Tex. Crim. App. 2009).

We review a trial court's refusal to include a defensive issue in the charge for an abuse of discretion. *Wesbrook v. State*, 29 S.W.3d 103, 122 (Tex. Crim. App. 2000). An accused is entitled to an instruction on every defensive issue raised by the evidence. *Hayes v. State*, 728 S.W.2d 804, 807 (Tex. Crim. App. 1987). This is true whether the evidence is strong or weak, unimpeached or contradicted, and regardless of what the trial court may think about the credibility of the evidence. *Hamel v. State*, 916 S.W.2d 491, 493 (Tex. Crim. App. 1996). Indeed, the court must view the evidence in the light most favorable to the defendant's requested submission. *Bufkin v. State*, 207 S.W.3d 779, 782 (Tex. Crim. App. 2006).

Under section 6.04(a), a defendant may be entitled to an instruction on concurrent causation if a concurrent cause was clearly sufficient, operating alone, to produce the result and the accused's conduct alone was clearly insufficient to do so. *Fish v. State*, 609 S.W.3d 170, 185 (Tex. App.—Houston [14th Dist.] 2020,

7

pet. ref'd) (citing *McFarland v. State*, 928 S.W.2d 482, 516 (Tex. Crim. App. 1996)). "Concurrent causation" means that more than appellant's conduct was involved in causing the result at issue, that is "another cause" in addition to appellant's conduct. *Hughes v. State*, 897 S.W.2d 285, 297 (Tex. Crim. App. 1994); *Puckett v. State*, No. 14-14-00313-CR, 2015 WL 5093197, at *3 n.1 (Tex. App.—Houston [14th Dist.] Aug. 28, 2015, no pet.) (mem. op., not designated for publication). To be entitled to such an instruction, the defendant must specifically show that (1) an agency in addition to the actor was a "but for" cause of the result charged, and (2) some evidence demonstrates the defendant's conduct was clearly insufficient to cause the harm and the other, concurrent cause was clearly sufficient to cause the harm. *Cyr*, 2022 WL 17825857, at *5.

Under this issue, appellant references Dr. Tennant's acknowledgement that the infection that ultimately resulted in complainant's death hypothetically could have come from a different source while he was at the hospital. Appellant argues that Tennant had no objective test, examination, report, or analysis to say for sure that the infection was from the stabbing. As discussed above, however, Tennant explained her procedures and methodology as well as the evidence that supported her conclusion that within a reasonable medical certainty, complainant's infection and death were caused by the stabbing. Beyond citing the possibility—however unlikely it may be in Tennant's view—that the source of the infection was other than appellant's stabbing complainant, appellant does not cite any evidence that another cause was clearly sufficient to cause complainant's death or that defendant's conduct was clearly insufficient to cause the harm. Accordingly, appellant has failed to establish his entitlement to an instruction on concurrent causation. *See id.*; *see also Guo v. State*, No. 05-19-01178-CR, 2022 WL 224815, at *10 (Tex. App.—Dallas Jan. 26, 2022, pet. ref'd) (mem. op., not designated for

8

publication) (holding trial court did not err in refusing concurrent causation instruction where complainant died of complications from brain injury suffered in attack by defendant and there was no evidence that anything other than the brain injury led to the complications); *Puckett*, 2015 WL 5093197, at *3 (explaining that trial court was not required to provide concurrent causation instruction because no evidence suggested any other possible cause was clearly sufficient to have caused complainant's death or that defendant's stabbing was clearly insufficient where decedent died in hospital due to complications from stabbing). We therefore overrule his second issue.

We affirm the trial court's judgment.


/s/ Frances Bourliot
Justice


Panel consists of Justices Jewell, Bourliot, and Zimmerer.

Do Not Publish — TEX. R. APP. P. 47.2(b).

9