# NO. 12-23-00249-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *CHRISTOPHER BENARD HARDY,* *APPELLANT* | § | *APPEAL FROM THE 475TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Christopher Benard Hardy appeals his conviction for intoxication manslaughter. In his sole issue on appeal, Appellant contends that the trial court erroneously excluded a concurrent causation instruction in the jury charge. We affirm.

### BACKGROUND

Appellant was indicted for the offense of intoxication manslaughter. Appellant pleaded "not guilty" to the charge and the matter proceeded to a jury trial.

In relevant part, the evidence at trial shows that Appellant and the victim met on Facebook in 2020. They were involved in a romantic relationship and were living together on September 24, 2021, the date of the offense.

Appellant and the victim spent much of the day before the car crash at a friend's house. Appellant testified he and his friend drank alcoholic beverages throughout the day. The couple left their friend's house and returned to their shared residence. Appellant testified that the victim became upset with him because she realized he had been "cheating" on her. After smoking marijuana, the couple left their residence around 3:00 a.m. to go to a gas station and buy tobacco products.

During the drive from the convenience store, the couple's argument over Appellant's infidelities escalated. According to Appellant, he did not respond to her accusations because he knew they were true. As they approached their home, Appellant accelerated down a residential neighborhood street at approximately seventy miles per hour, even though the speed limit is thirty miles per hour. Appellant testified at trial that he was driving the vehicle, and admitted driving fast. He also admitted being intoxicated and under the influence of marijuana at the time of the crash. A blood test taken two hours after the accident showed that Appellant had a blood alcohol concentration of 0.115 and Delta-9-THC, the "main component" of marijuana, in his blood.

For the first time during his trial testimony, Appellant claimed that, in her anger, the victim jerked the steering wheel to the right. Appellant testified that he attempted to correct their course by turning the wheel back to the left. A digital report, downloaded from the computer in Appellant's car, provided data which detailed the operation of his vehicle from approximately five seconds before the crash. The data indicated that immediately before the crash, the vehicle turned to the right and never steered back to the left as Appellant claimed. Nevertheless, Appellant maintained that the vehicle's equipment recording the data at the time of the crash must have malfunctioned.

In any event, whether he or the victim caused the vehicle to veer to the right, their car collided with two vehicles. Appellant's car struck a parked truck on the side of the road with such force that it pushed the truck backwards nearly ninety feet, and then his car collided with another vehicle parked in a driveway.

The homeowners at the home where Appellant struck the parked vehicles awoke from the sound of the crash and investigated. They heard Appellant repeatedly state that he could not go to jail, and expressed anger when told the police were on the way. Appellant initially told the police that "somebody hit me." Later, while being examined at the hospital, Appellant told police that he was "knocked out" and could not remember anything about the crash. Appellant admitted at

trial that he lied about another vehicle striking his car and about driving under the speed limit prior to the crash. Moreover, the following day, the homeowners notified the police that they found a handgun and pills that appeared to be Xanax in their backyard, ostensibly because Appellant discarded them there after the crash. Appellant admitted at trial that he was "partially at fault" for the crash that caused the victim's death.

At the time of the collision, neither Appellant nor the victim wore seatbelts. Appellant was rattled by the accident, but otherwise uninjured. The victim, however, was killed instantly. The medical examiner who performed the autopsy testified that the victim died of blunt force injuries from the car crash, with a broken neck as the leading cause.

The jury found Appellant "guilty" of the offense, and after a punishment hearing, sentenced him to twenty years of imprisonment. This appeal followed.

## CONCURRENT CAUSATION INSTRUCTION

In his sole issue, Appellant contends that the trial court reversibly erred by denying his request for a concurrent causation jury instruction in the court's charge.

### Standard of Review

We review jury charge error under a two-pronged test, by looking first to whether the charge is erroneous. *Wooten v. State*, 400 S.W.3d 601, 606 (Tex. Crim. App. 2013). Second, we ask whether Appellant was harmed by the error. *Id*. Where there was a timely objection, Appellant must show he suffered "some harm." *Cyr v. State*, 665 S.W.3d 551, 556 (Tex. Crim. App. 2022) (citing TEX. CODE CRIM. PROC. ANN. art. § 36.19 (West 2006)).

To determine whether the court's charge is erroneous, we review a trial court's refusal to include a defensive issue in the charge for an abuse of discretion. *Wesbrook v. State*, 29 S.W.3d 103, 122 (Tex. Crim. App. 2000). An accused is entitled to an instruction on every defensive issue raised by the evidence. *Hayes v. State*, 728 S.W.2d 804, 807 (Tex. Crim. App. 1987); *see* TEX. CODE CRIM. PROC. ANN. art. 36.14 (West 2007) (providing that, in a felony jury trial, the court must deliver to the jury "a written charge distinctly setting forth the law applicable to the case"). This is true whether the evidence is strong or weak, unimpeached or contradicted, and regardless of what the trial court may think about the credibility of the evidence. *Hamel v. State*, 916 S.W.2d 491, 493 (Tex. Crim. App. 1996). Indeed, we must view the evidence in the light most favorable

to the defendant's requested submission.  ***Bufkin v. State***, 207 S.W.3d 779, 782 (Tex. Crim. App. 2006).

## Applicable Law

Inclusion of an instruction on the defensive issue requires the defendant to demonstrate that there is evidence supporting it.  ***Cyr***, 665 S.W.3d at 556.  The scope of causation under the Texas Penal Code is broad, allowing courts to find causation where "the result would not have occurred but for [the] conduct, operating either alone or concurrently with another cause."  TEX. PENAL CODE ANN. § 6.04(a) (West 2021).

An actor need not be the sole cause of the harm. Causation is established where the conduct of the defendant is the "but for" cause "operating alone or concurrently with another cause."  ***Cyr***, 665 S.W.3d at 557 (citing ***Robbins v. State***, 717 S.W.2d 348, 351 (Tex. Crim. App. 1986)).  "Another cause" is one in addition to the actor's conduct, "an agency in addition to the actor."  ***Id***. (citing ***Robbins***, 717 S.W.2d at 351 n.2).

Where two or more causes satisfy "but for" causation, a defendant remains liable if his conduct was either sufficient to have caused the result alone "regardless of the existence of a concurrent cause," or both causes "*together*" were sufficient to cause the result.  ***Robbins***, 717 S.W.2d at 351 (emphasis in original).  An individual's guilt may not be premised on his conduct being a mere "contributing factor" without more.  ***Cyr***, 665 S.W.3d at 557.

Addressing confusion over the application of the concurrent causation instruction among lawyers and trial courts, the Texas Court of Criminal Appeals recently clarified the specific circumstances that raise the instruction as follows:

> To illustrate: Two arsonists each light fire to the same house, one on the east side and one on the west side, both of which are independently sufficient to burn the house to the ground.  Neither arsonist is entitled to an instruction on concurrent causation and both are criminally liable.  The same result is reached if both fires would independently be insufficient to burn the house to the ground, but the combined force of the east fire and the west fire causes such a result.  Only where the east arsonist can produce evidence that his fire was clearly insufficient to burn the house to the ground, and the west arsonist's clearly sufficient acting alone, would the east arsonist be entitled to an instruction on concurrent causation and potentially escape liability for the full extent of the damage caused under concurrent causation.

***Id.***  Restated, Section 6.04(a) entitles a defendant to an instruction on concurrent causation when he shows (1) "an agency in addition to the actor" was a "but for" cause of the result charged, and

4

(2) some evidence demonstrates his conduct is "clearly insufficient" to cause the harm and the other concurrent cause is clearly sufficient to cause the harm. *Id.* at 557-58.

**Discussion**

Appellant requested a jury instruction on concurrent causation. After taking up the matter during the charge conference, the trial court denied the request. Appellant objected to its omission. On appeal, Appellant argues that there was evidence that the victim jerked the steering wheel of the vehicle to the right of the roadway, which contributed to the car crash resulting in her death, and this evidence required the trial court to include the concurrent causation instruction. Appellant essentially argues that the victim's actions alone caused her death. We disagree.

As we stated above, Appellant's version of the events is contradicted by the scientific evidence. However, even viewing the evidence in the light most favorable to him, we would nonetheless conclude that both acts together caused the victim's death, and we likewise cannot say that his acts are clearly insufficient to have caused her death.

Appellant posited for the first time during his testimony that the victim grabbed the steering wheel and jerked it to the right, and he attempted to regain control and correct course by turning the steering wheel to the left. Under the *Cyr* hypothetical discussed above, viewed in the light most favorable to Appellant, both Appellant's actions and the victim's alleged actions were "but for" concurrent causes for her death. *Id.* That is, the combined force of both actors caused her death. This is evident in that Appellant admitted driving the vehicle seventy miles per hour (confirmed by the vehicle's crash report) down a residential street with a speed limit of thirty miles per hour while intoxicated on alcohol and marijuana (confirmed by blood analysis) when she allegedly grabbed the steering wheel. Obviously, this state of mind impaired his judgment, reaction time, and ability to properly correct the victim's alleged act of grabbing the wheel. The ensuing collision with parked vehicles while driving that fast certainly contributed to her death. His own attorney asked "And, certainly, 70 miles an hour down to zero probably rattled you?" and Appellant responded, "Absolutely." As Appellant confirmed at trial, he was "partially at fault" for her death.

Accordingly, we cannot conclude that Appellant's actions were clearly insufficient to cause the harm *and* her concurrent cause in grabbing the steering wheel was clearly sufficient by itself to cause her death. *See id.* at 557-58. In other words, although the victim's alleged act might have been sufficient to cause her death, we cannot simultaneously conclude that Appellant provided

some evidence that his intoxication while speeding on a residential street in an intoxicated state and subsequently making a corrective action was "clearly insufficient" to cause her death. *See id.* Therefore, we hold the trial court did not err in declining to include a concurrent causation instruction in the jury charge. *See id.*

Appellant's sole issue is overruled.

## DISPOSITION

Having **overruled** Appellant's sole issue, the trial court's judgment is **affirmed**.

**BRIAN HOYLE**
Justice

Opinion delivered July 3, 2024.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JULY 3, 2024**

**NO. 12-23-00249-CR**

**CHRISTOPHER BENARD HARDY,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 475th District Court
of Smith County, Texas (Tr.Ct.No. 475-0295-23)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED, and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*